PAUL M. GLEASON State Bar No.: 155569
RICHARD Y. CHEN State Bar No.: 225392
KATHY H. GAO State Bar No.: 259019
GLEASON & FAVAROTE, LLP
835 Wilshire Blvd., Suite 200
Los Angeles, California 90017
Telephone:  (213) 452-0510
Facsimile:  (213) 452-0514
pgleason@gleasonfavarote.com
rchen@gleasonfavarote.com
kgao@gleasonfavarote.com

Attorneys for Defendant
Corrections Corporation of America

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| TERESSA KELLEY, an individual, | Case No. 1:10-CV001294-AWI-JLT |
| Plaintiff, | State Court Case No. S-1500-CV-269975-WDP |
| vs. | **DEFENDANT CORRECTIONS CORPORATION OF AMERICA'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6)** |
| CORRECTIONS CORPORATION OF AMERICA, a corporation; and Does 1 through 50, inclusive, | |
| Defendants. | Date:         September 13, 2010<br>Time:         1:30 p.m.<br>Courtroom:   2<br>Judge:        Hon. Anthony W. Ishii<br>Action Filed: March 25, 2010<br>Trial Date:   None |

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**DEFENDANT CORRECTIONS CORPORATION OF AMERICA'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FRCP 12(B)(6)**

**MEMORANDUM OF PONTS AND AUTHORITIES**

**I.      PRELIMINARY STATEMENT**

On March 25, 2010, plaintiff Teressa Kelley ("Plaintiff") filed this employment action in state court against defendant Corrections Corporation of America ("CCA") and Does 1 through 50. On July 20, 2010, pursuant to 28 U.S.C. sections 1332, 1441 and 1446, CCA removed the action to the United States District Court for the Eastern District of California, based on complete diversity of citizenship between the parties and an amount in controversy in excess of the jurisdictional threshold.

In her complaint, Plaintiff alleges the following five causes of action: (1) unlawful discrimination based upon physical disability in violation of FEHA; (2) failure to reasonably accommodate physical disability in violation of FEHA; (3) failure to engage in the interactive process in violation of FEHA; (4) retaliation in violation of FEHA; and (5) wrongful termination in violation of public policy (the "Complaint").  CCA brings this motion to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on the basis that Plaintiff has failed to state a claim upon which relief may be granted.

Here, Plaintiff contends that she was discriminated against because of her disability when her employment was terminated.  However, there are no facts which establish that Plaintiff was a qualified individual with a disability, with or without accommodation.  The same pleading defect also holds true as to Plaintiff's claims for failure to accommodate and failure to engage in the interactive process.  As such, these claims are inappropriate and unavailable to Plaintiff as currently pled in the Complaint.

With respect to Plaintiff's claim for retaliation, it fails as a matter of law because Plaintiff has failed to allege facts that CCA took any purported adverse personnel action in "retaliation" against her.  Additionally, Plaintiff's claim that she was retaliated against for filing a workers' compensation claim by the Workers' Compensation Act pursuant to California Labor Code section 132a(1).

Lastly, Plaintiff's claim for wrongful termination in violation of public policy cannot be maintained as a matter of law because the underlying discrimination and retaliation claims lack

merit.

Because the allegations or assertions in the Complaint are vague and conclusory, and because they are unsupported by any statements of fact, CCA's Motion to Dismiss should be granted.

## II.     LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a party to request dismissal of a complaint on the ground that it fails to state a claim upon which relief can be granted.  Fed. Rules Civ. Proc. 12(b)(6).  A complaint is properly dismissed when "plaintiff is unable to articulate enough facts to state a claim to relief that is plausible on its face."  GIA-GMI, LLC v. Michener, 2007 WL 2070280, *5 (D. Cal. 2007), citing Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1960 (2007).  Dismissal is warranted under Rule 12(b)(6) when the complaint lacks a cognizable legal theory.  Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984). Alternatively, a complaint may be dismissed where it presents a cognizable legal theory yet fails to plead essential facts under that theory.  Id. at 534.

Furthermore, although the complaint must be construed in the light most favorable to the plaintiff, and factual allegations are generally assumed to be true, the court need not accept as true conclusory allegations or legal characterizations, nor need it accept unreasonable inferences or unwarranted deductions of fact.  See Transphase Sys., Inc. v. Southern Ca. Edison Co., 839 F. Supp. 711, 717 (C.D. Cal. 1993); see also Miranda v. Clark County, 279 F.3d 1102, 1106 (9th Cir. 2002) ("conclusory allegations of law and unwarranted inferences will not defeat a motion to dismiss for failure to state a claim").

Because the allegations or assertions in the Complaint are vague, unintelligible, and conclusory, and because they are unsupported by any statements of fact, CCA's Motion to Dismiss should be granted.

/ / /

/ / /

/ / /

1  **III.    ARGUMENT**

2      **A.    PLAINTIFF'S FIRST CLAIM FAILS AS A MATTER OF LAW BECAUSE PLAINTIFF HAS NOT SET FORTH A *PRIMA FACIE* CASE OF DISCRIMINATION.**

A plaintiff seeking to recover for disability discrimination must allege the following: (1) she is disabled within the statutory definition; (2) she is qualified to perform the essential functions of the job with or without reasonable accommodations; and (3) she has suffered discriminatory employment action on account of his disability.  Le Bourgeois v. Fireplace Manufacturers, Inc., 68 Cal. App. 4th 1049, 1058 (1998); see also Hobson v. Raychem Corporation, 73 Cal. App. 4th 614, 628 (1998).

Assuming, *arguendo*, that Plaintiff does have a disability within the meaning of the FEHA, her disability claims fail because she cannot show she was a qualified individual entitled to FEHA's protection.  In Green v. State, 42 Cal. 4th 254 (2007), the California Supreme Court recently confirmed that the FEHA "requires employees to prove that they are qualified individuals under the statute just as the federal ADA requires." Id. at 257.  As a result, a FEHA plaintiff must prove that she is a qualified individual with a disability at the time of his termination. Id. As the California Supreme Court stated, "the FEHA and the ADA both limit their protective scope to those employees with a disability who can perform the essential duties of the employment position with [or without] reasonable accommodation." Id. at 264 (emphasis added).  Thus, the termination of an employee who cannot perform the essential functions of her position, even with reasonable accommodation, is not actionable discrimination. Id. at 262; Hastings v. Department of Corrections, 110 Cal. App. 4th 963, 971 (2003).  Plaintiff has not alleged anywhere in the Complaint that she was otherwise qualified to perform her job duties.  Because Plaintiff has not pled that she could perform the essential job function with or without reasonable accommodation, she is not a qualified individual with a disability under California law.

For the foregoing reasons, the motion to dismiss should be granted, as Plaintiff has not pled sufficient facts to show that she was qualified to perform the essential functions of the position, with or without reasonable accommodations.   Because Plaintiff offers no specific facts in support of her purported claim of disability discrimination, this claim cannot be maintained as a matter of

3

law.

### B. PLAINTIFF'S SECOND CLAIM FAILS AS A MATTER OF LAW BECAUSE PLAINTIFF HAS NOT SET FORTH A *PRIMA FACIE* CASE FOR HER CLAIM FOR FAILURE TO ACCOMMODATE.

Although the FEHA generally prohibits discrimination against disabled individuals, its protections are not absolute. In this regard, the FEHA contains significant exclusions under which an employer may refuse to accommodate employees with disabilities. For instance, at section 12940(a)(1), the FEHA expressly states that it:

> does not prohibit an employer from . . . discharging an employee with a physical . . . disability, or subject an employer to any legal liability resulting from . . . the discharge of an employee with a physical . . . disability, where the employee, because of his or her physical or mental disability, is unable to perform his or her essential duties even with reasonable accommodations, or cannot perform those duties in a manner that would not endanger his or her health or safety or the health or safety of others even with reasonable accommodations.

Cal. Gov't Code § 12940(a)(1); see also id. at § 12940(a)(2) (similar provision for "medical condition").

Indeed, the two important elements of a failure to accommodate claim are that the plaintiff suffers from a known disability covered by the FEHA and that she is a qualified individual. See Jensen v. Wells Fargo Bank, 85 Cal. App. 4th 245, 263-265 (2000). Plaintiff maintains that CCA failed to accommodate her disability. As discussed above, however, Plaintiff has not alleged facts that she was able to perform the essential functions of her position, with or without, reasonable accommodations. Accordingly, the Second Claim cannot be maintained as a matter of law.

### C. PLAINTIFF'S THIRD CLAIM FOR FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS FAILS TO ALLEGE SUFFICIENT FACTS TO GIVE RISE TO A CLAIM.

Generally, the FEHA requires that a covered employer "engage in a timely, good faith, interactive process with the employee ... to determine effective reasonable accommodations, if any, in response to a request for reasonable accommodation by an employee or applicant with a known physical or mental disability or known medical condition." Cal. Govt. Code § 12940(n). This general rule, however, does not apply where there are no accommodations available that would allow the individual to return to work. Swonke v. Sprint, Inc., 372 F.Supp.2d 1128, 1137 (N.D. Cal. 2004). "The Court cannot impose upon the employer an obligation to engage in a process that

4

1  was guaranteed to be futile." Id. at 1138; see also Claudio v. Regents of Univ. of Calif., 134 Cal.

2  App. 4th 224 (2005) (where the court, although it did not find sufficient facts to support the

3  defense, nevertheless cited to Swonke for the proposition that the interactive process is not required

4  where it would be futile).

5        As discussed above, Plaintiff has not alleged facts that she was able to perform the essential

6  functions of her position, with or without reasonable accommodations. Accordingly, the Third

7  Claim cannot be maintained as a matter of law.

      **D.   PLAINTIFF'S FOURTH CLAIM FOR RETALIATION FAILS BECAUSE PLAINTIFF HAS NOT PLEAD FACTS TO SHOW THAT CCA TOOK ANY PURPORTED ADVERSE PERSONNEL ACTION IN "RETALIATION" AGAINST HER.**

11       Plaintiff's Fourth Claim for retaliation under FEHA attempts to recast her disability

12 discrimination claim into a retaliation claim. The elements of a retaliation claim are that the

13 plaintiff (1) engaged in protected activity, (2) she was thereafter subjected to adverse employment

14 action by her employer, and (3) there was a causal link between the two. Morgan v. Regents of the

15 University of California, 88 Cal. App. 4th 52, 69 (2000).

16       By its plain language, the FEHA prohibits retaliation "against any person because the

17 person has opposed any practices forbidden under this part or because the person has filed a

18 complaint, testified, or assisted in a proceeding under this part." Cal. Gov. Code § 12940(h); see

19 also Miller v. Dep't of Corrections, 36 Cal. 4th 446, 474 (2005) ("An employee is protected against

20 retaliation if the employee reasonably and in good faith believed that what he or she was opposing

21 constituted unlawful employer conduct such as sexual harassment or sexual discrimination").

22 Activity protected from retaliation under the FEHA is limited to opposing practices forbidden

23 under the FEHA, or filing a complaint, testifying, or assisting in any proceeding under the FEHA.

24 See id. The anti-retaliation provision of the FEHA does not prohibit adverse actions taken against

25 an employee simply because of her membership in a protected group (i.e., disability); these are

26 claims for alleged *discrimination*, not retaliation. Plaintiff has the burden to allege essential facts

27 with reasonable precision and with particularity sufficiently specific to acquaint the defendant of

28 the nature, source, and extent of the cause of action. Bautista v. Los Angeles County, 216 F.3d

837, 840 (9th Cir. 2000); GIA-GMI, LLC v. Michener, 2007 WL 2070280, *5 (D. Cal. 2007), citing Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1960 (2007).

Here, as detailed above, Plaintiff cannot establish *a prima facie* case of retaliation because she did not engage in any protected activity.  Plaintiff does not allege that she complained about any unlawful conduct, threatened to do so, or otherwise participated in any proceeding under the FEHA.  See California Fair Employment & Housing Comm. V. Gemini Aluminum Corp., 122 Cal.App.4th 1004, 1018-19 (2004) (holding that complaining to management about discriminatory conduct or threatening to file a discrimination complaint are activities protected from retaliation under the FEHA).  In this regard, Plaintiff has failed to allege sufficient facts to show that CCA took any adverse action against her based on a protected activity.  Rather, Plaintiff alleges the same generic allegations of discrimination without pleading specific facts to show that CCA took an adverse personnel action against her because she engaged in a protected activity:

> CCA and Does 1 through 50 retaliated against Ms. Kelley in direct violation of California Government Code Section 12940, et seq. by engaging in a variety of acts, including, but not limited to, those set forth in paragraphs 1-18 above, and including, but no limited to, terminating Ms. Kelley's employment because she had a disability requiring accommodation, had taken a leave of absence due to her disability and had initiated a workers' compensation claims as a result of her disability.

(Complaint, ¶ 54.)

Without specific facts justifying such a conclusion, the mere allegation that CCA terminated Plaintiff because of a disability provides no temporal, logical, or factual basis for finding that CCA "retaliated" against her because she had earlier engaged in a protected activity.  The law requires more than bare assertions of conclusions of law.  Miranda v. Clark County, 279 F.3d 1102, 1106 (9th Cir. 2002) ("conclusory allegations of law and unwarranted inferences will not defeat a motion to dismiss for failure to state a claim").

Furthermore, Plaintiff's claims that her termination was in retaliation for filing a workers' compensation claim is misplaced.  Specifically, Plaintiff's retaliation claim on this basis is really a violation of Labor Code Section 132a and is preempted by the Workers' Compensation Act.  It, therefore, may be brought only before the Workers' Compensation Appeals Board, the exclusive forum for such claims.  In this regard, Labor Code section 132a is designed to protect employees

1  who are injured in the course and scope of their employment from retaliation based upon the filing
2  of a workers' compensation claim:

> Any employer who *discharges,* or threatens to discharge, or in any manner discriminates against an employee *because he or she has filed or made known his or her intention to file a claim for compensation with his or her employer or an application for adjudication,* or because the employee has received a rating, award, or settlement, is guilty of a misdemeanor and the employee's compensation shall be increased by one-half, but in no event more than ten thousand dollars ($10,000). . . .

Cal. Lab. Code § 132a(1) (emphasis added); see also Judson Steel Corp. v. Workers' Compensation Appeals Board, 22 Cal. 3d 658 (1978). Indeed, Section 132a provides that the "appeals board is vested with full power, authority, and jurisdiction to try and determine finally all matters specified in this section subject only to judicial review." Id. As such, courts have consistently recognized that the *exclusive* forum in which an employee can pursue a claim that she was discharged in retaliation for filing a workers' compensation claim is the Workers' Compensation Appeals Board. Accardi v. Superior Court, 17 Cal. App. 4th 341, 347 (1993); Portillo G. T. Price Products, Inc., 131 Cal. App. 3d 285, 290, (1982); Leach v. Madera Glass Co., 31 F. Supp. 2d 1223, 1229 (E.D. Cal. 1998) (granting summary judgment and holding that the *exclusive forum* for plaintiff's claim that he was terminated in retaliation for filing a workers' compensation claim was the Workers' Compensation Appeals Board). Thus based upon the plain language of the statute, a claim for violation of Section 132 is stated when the plaintiff alleges that the allegedly discriminatory termination *was in retaliation for filing a workers' compensation claim.* See Cal. Lab. Code § 132a(1).

Accordingly, Plaintiff's claim for retaliation fails as a matter of law.

### E. THE FIFTH CLAIM FOR WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY FAILS BECAUSE THE CLAIM IS PREDICATED ON MERITLESS FEHA ALLEGATIONS.

Plaintiff's Fifth Claim alleges wrongful termination in violation of public policy (Complaint, ¶¶ 62-67.) It is well settled that a claim for violation of public policy fails in conjunction with the underlying discrimination and/or retaliation claim. Hanson v. Lucky Stores, Inc., 74 Cal. App. 4th 215, 229 (1999) (holding that, "because [plaintiff's] FEHA claim fails, his claim for violation of public policy fails").

1    In City of Moorpark v. Superior Court, 18 Cal. 4th 1143 (1998), the court held that disability discrimination by an employer can form the basis of a common law wrongful discharge claim. This is true if a disabled employee can prove that she can perform the job duties as effectively as a nondisabled employee, taking into consideration that the possibility that their condition will change as well as an employer's short and long term needs. Id. at 1159. However, if the disability impacts an employee's ability to perform a particular job, then the employer can treat a disabled employee differently from a nondisabled employee. Id.

As set forth in above, Plaintiff's underlying claims fail because she has not set forth facts or evidence that she was qualified to perform the essential functions of the position, with or without accommodation, or, that she suffered an adverse employment action because of her protected classification. Because Plaintiff's allegations of disability discrimination and retaliation are devoid of sufficient facts, Plaintiff does not have a basis in which to sue for wrongful termination in violation of public policy. Accordingly, Plaintiff's claim for wrongful termination in violation of public policy fails as a matter of law and should be dismissed.

## IV.    CONCLUSION

For all of the foregoing reasons and based on the authorities cited herein, CCA respectfully requests that its Motion to Dismiss Plaintiff's First, Second, Third, Fourth and Fifth alleged Causes of Action be granted in its entirety because she failed to plead sufficient factual allegations.

Dated: July 23, 2010

GLEASON & FAVAROTE, LLP
PAUL M. GLEASON
RICHARD Y. CHEN
KATHY H. GAO

/s/ Richard Y. Chen

By: _____
       Richard Y. Chen

Attorneys for Defendant Corrections Corporation of America

# PROOF OF SERVICE

I, Richard Y. Chen, declare:

I am and was at the time of the service mentioned in this declaration, employed in the County of Los Angeles, California. I am over the age of 18 years and not a party to the within action. My business address is Gleason & Favarote, LLP, 835 Wilshire Blvd., Suite 200, Los Angeles, CA 90017.

On July 23, 2010, I served a copy(ies) of the following document(s):

**DEFENDANT CORRECTIONS CORPORATION OF AMERICA'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6)**

on the parties to this action by placing them in a sealed envelope(s) addressed as follows:

| Attorney | Party(ies) Served | Method of Service |
| --- | --- | --- |
| Peter C. Flanderka<br>Anne S. Kelson<br>BONONI LAW GROUP, LLP<br>915 Wilshire Blvd., Suite 1950<br>Los Angeles, CA 90017<br>(213) 553-9200<br>Fax: (213) 553-9215<br>E-Mail: pflanderka@bononilawgroup.com | Counsel for Plaintiff Teressa Kelley | First Class Mail |

☒ (BY CM/ECF SYSTEM) I caused the above-referenced document(s) to be sent by electronic transmittal to the Clerk's Office using the CM/ECF System for filing which generated a Notice of Electronic Filing to the CM/ECF registrants in this case.

I declare that I am a member of the bar of this court, at whose direction this service was made. I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, and this declaration was executed on July 23, 2010, at Los Angeles, California.

/s/ Richard Y. Chen
Richard Y. Chen

1.
**PROOF OF SERVICE**