1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16

**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| **TERESSA KELLEY, an individual,** | ) | **CV F 10 – 1294 AWI JLT** |
| | ) | |
| **Plaintiff,** | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER ON** |
| **v.** | ) | **DEFENDANTS' MOTION TO** |
| | ) | **DISMISS AND MOTION TO** |
| **CORRECTIONS CORPORATION OF** | ) | **STRIKE** |
| **AMERICA, and DOES 1 through 50,** | ) | |
| **inclusive,** | ) | |
| | ) | |
| **Defendants**. | ) | **Document Nos. 16 and 17** |
| | ) | |

17

        This is an action in diversity for damages under California's Fair Employment and

18   Housing Act ("FEHA") by plaintiff Terressa Kelley ("Plaintiff") against Defendant

19   Corrections Corporation of America ( "Defendant").  In her complaint, Plaintiff alleges four

20   claims under FEHA; unlawful discrimination based on physical disability, failure to

21   accommodate physical disability, failure to engage in the interactive process and retaliation.

22   Plaintiff also alleges a common law claim for wrongful termination in violation of public

23   policy.  With regard to each of the five claims for relief, Plaintiff also seeks punitive

24   damages.  In the instant motion, Defendant seeks dismissal of each of Plaintiffs claims under

25   Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Defendant also moves to strike each

26   of Plaintiff's claims for punitive damages pursuant to Rule 12(f) of the Federal Rules of Civil

27   Procedure.  Diversity jurisdiction exists pursuant to 28 U.S.C. § 1332.  Venue is proper in

28   this court.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The following facts are alleged in Plaintiff's complaint and are presumed true for purposes of this motion.

Plaintiff was employed by Defendant in 2002 as a Count Clerk at the California City Correctional Center, a California correctional institution owned and operated by Defendant. In 2003 Plaintiff was promoted to Records/Sentence Clerk.  In 2004 she was promoted to Records Supervisor/Movement Coordinator, a position she held until her termination in 2009.  In or about June 2007, Plaintiff had carpal tunnel release surgery on her right hand following which she returned to work.  In or about March 2008, she started experiencing pain in her right wrist as well as numbness in her left hand.  The pain in her hands became worse and, in or about September 2008, she filed a workers' compensation claim with Defendant's human resources department.

Plaintiff continued to work despite increasing pain in both hands until about December 19, 2008, at which time she was taken off work by Dr. George Balfour, M.S. Plaintiff had surgery on her left hand in or about February 2009 and surgery on her right hand in or about May 2009.  Plaintiff remained on workers' compensation leave of absence (temporary total disability) pursuant to the directions of Dr. Balfour.  She kept Defendant's human resources department apprised of her condition by means of faxed status reports by Dr. Balfour.

In or about October 2009, Plaintiff submitted to a Qualified Medical Examination ("QME") by Dr. Vincent Gumbs, M.D.  In his QME report, Dr. Gumbs concluded that Plaintiff had reached "maximal medical improvement" and could be regarded as "Permanent and Stationary."  Doc. #2 at ¶ 10.  Dr. Gumbs concluded Plaintiff could return to work subject to an number of "work restrictions."  Plaintiff was restricted from performing work involving repetitive gripping, grasping, pushing, pulling, and typing.  Dr. Gumbs ordered that Plaintiff was restricted from performing work that involved manipulation for longer than one

2

hour at a time and was ordered to rest ten minutes every hour to relieve symptoms.  Plaintiff was also restricted from repetitive flexion or extension of the left elbow and from any forceful pushing or pulling with the left elbow.  Dr. Gumbs report also opined that Plaintiff might require any of a number of medical interventions in the future.

Defendant received workers' compensation notification of Plaintiff's condition, including Dr. Gumbs QME report in or about November 2009.  Plaintiff thereafter received a letter from Barbara Wagner, Warden of the California City Correctional Center, dated November 16, 2009, advising Plaintiff that her QME had been reviewed and that:

> Based on your restrictions we have determined that your are not able to perform all of the essential functions of your job, as listed in your job description for records supervisor.  Therefore, effective November 16, 2009, we are terminating your employment with the California City Correctional Center . . . ."

Doc. # 1 at ¶ 14.

Plaintiff alleges that at no time did Defendant attempt to reasonably accommodate Plaintiff's known disability, or contact Plaintiff in order to determine possible accommodations that would allow Plaintiff's return to work or contact Plaintiff for any reason at all before terminating her employment.

It is not disputed that Plaintiff exhausted administrative remedies prior to filing this action by filing a complaint with the California Department of Fair Housing and Employment and receiving a "Right-to-Sue Notice."

Plaintiff's complaint was originally filed in the Superior Court of Kern County on March 25, 2010, and was removed to this court on July 20, 2010.  Defendant's motions to dismiss and to strike were filed on July 26, 2010.  Plaintiff filed her oppositions on August 23, 2010, and Defendant filed its replies on September 3, 2010.  The hearing on Defendant's motions to dismiss and strike was vacated and the matter was taken under submission as of September 13, 2010.

**LEGAL STANDARDS**

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure can be based on the failure to allege a cognizable legal theory or the failure to allege sufficient facts under a cognizable legal theory.  Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533-34 (9th Cir.1984).  To withstand a motion to dismiss pursuant to Rule 12(b)(6), a complaint must set forth factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) ("Twombly").  While a court considering a motion to dismiss must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), and must construe the pleading in the light most favorable to the party opposing the motion, and resolve factual disputes in the pleader's favor, Jenkins v. McKeithen, 395 U.S. 411, 421, reh'g denied, 396 U.S. 869 (1969), the allegations must be factual in nature.  See Twombly, 550 U.S. at 555 ("a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do").  The pleading standard set by Rule 8 of the Federal Rules of Civil Procedure "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) ("Iqbal").

The Ninth Circuit follows the methodological approach set forth in Iqbal for the assessment of a plaintiff's complaint:

> "[A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."

Moss v. U.S. Secret Service, 572 F.3d 962, 970 (9th Cir. 2009) (quoting Iqbal, 129 S.Ct. at 1950).

4

Rule 12(f) of the Federal Rules of Civil Procedure allows the court to strike from "any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  The purpose of a Rule 12(f) motion is to avoid the costs that arise from litigating spurious issues by dispensing with those issues prior to trial.  Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir.1983).  Immaterial matter is defined as matter that "has no essential or important relationship to the claim for relief or the defenses being pleaded." Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir 1993) (quoting 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1382, at 706-07 (1990)), *rev'd on other grounds*, 510 U.S. 517 (1994).  Impertinent matter is defined as "statements that do not pertain, and are not necessary, to the issues in question." Fantasy, Inc 984 F.2d at 1527. Granting a motion to strike may be proper if it will make the trial less complicated or if allegations being challenged are so unrelated to plaintiff's claims as to be unworthy of any consideration as a defense and that their presence in the pleading will be prejudicial to the moving party. Id.

"If a complaint is dismissed for failure to state a claim, leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distributing Co. v. Serv-Well Furniture Co., Inc., 806 F.2d 1393, 1401 (9th Cir. 1986).

## DISCUSSION

**I. Defendant's Motion to Dismiss Pursuant to Rule 12(b)(6)**

### *A. Plaintiff's First Claim for Relief for Unlawful Discrimination*

Plaintiff' first claim for relief somewhat ambiguously alleges Defendant unlawfully discriminated against Plaintiff on the basis of her disability in violation of Cal. Gov't Code § 12940 *et seq.*  Because plaintiff's complaint alleges a separate claim pursuant to section 12940(m), the court presumes Plaintiff's first claim for relief is alleged pursuant to section 12940(a).  Defendant moves to dismiss Plaintiff's first claim for relief on the ground that

Plaintiff has failed to allege she is a "qualified individual" within the meaning of Green v. State of California, 42 Cal.4th 254 (2007).

To state a *prima facie* claim for unlawful discrimination on account of disability, a plaintiff must allege; (1) that she is disabled within the statutory definition; (2) that she is qualified to perform the essential functions of the job with or without reasonable accommodations[1]; and (3) that she has suffered a discriminatory employment action on account of the disability. Le Bourgeois v. Fireplace Manufacturers, Inc., 68Cal.app.4th 1049, 1058 (1988). Defendant alleges that Plaintiff has failed to allege that she was a "qualified individual" who was able to perform the essential functions of the job with or without accommodations. Plaintiff contends the allegations set forth in the complaint sufficiently set forth facts to support the elements of a claim for discrimination such that dismissal is not warranted. The question for the court to answer is whether Plaintiff's complaint meets the minimum pleading standard with regard to Plaintiff's claim for unlawful discrimination.

While FEHA "prohibits discrimination based on an employee's physical disability," Green, 42 Cal.4th at 262, it "does not prohibit an employer from refusing to hire or discharging an employee with a physical or mental disability ... where the employee, because of his or her physical or mental disability, is unable to perform his or her essential duties even with reasonable accommodations, or cannot perform those duties in a manner that would not endanger his or her health or safety or the health or safety of others even with reasonable accommodations." Cal. Gov.Code § 12940(a)(1). In other words, an "employer may discharge or refuse to hire a person who, because of a disability or medical condition, is unable to perform his or her essential duties even with reasonable accommodation." Ross v. RagingWire Telcom. Inc., 42 Cal.4th 920, 926 (2008).

---

[1]    The requirement that the individual be able to perform the essential functions of her job is sometimes formulated as being "otherwise qualified to perform his/her job." See Faust v. California Portland Cement Co., 150 Cal.App.4th 864, 886 (2007); Vermillion v. Corrections Corp. of America, 2008 WL 4755329 (E.D. Cal. 2008) at * 3.

The question the <u>Green</u> court answered is, which party in a FEHA action for discrimination on the basis of disability has the burden to show that the plaintiff is (or is not) an individual who is able to perform the essential duties with reasonable accommodation? <u>Green</u> 42 Cal.4th at 257.  In holding that a plaintiff asserting a claim for unlawful discrimination on account of disability under section 12940(a) has the burden to show that he or she is a "qualified individual" the <u>Green</u> court noted similarity between the provisions of section 12940(a) and the corresponding provision of the Americans With Disabilities Act ('ADA"), 42 U.S.C. § 12111(8).  The court determined that the similarities were a reflection "of the Legislature's deliberate effort in 1992 to conform the FEHA to this ADA provision." <u>Id.</u> at 263 - 264.  As the <u>Green</u> court reasoned,

> It is clear, then, that the [California] Legislature incorporated the ADA requirement with the full knowledge of the purpose the language serves in the ADA –  as a means of distinguishing permissible employment practices from impermissible disability discrimination based on the employee's ability to perform in the particular employment position with reasonable accommodation.  Thus, even if there were some conceivable ambiguity regarding the burden [of proof] issue prior to that point in time, no such ambiguity existed afterward.

<u>Id.</u> at 263.

Given that the <u>Green</u> court found it appropriate to allocate to the plaintiff the burden to demonstrate that he or she is a "qualified individual" based on the similarity between the ADA and FEHA, this court finds that it is appropriate to import the ADA's 2-part definition of "qualified individual."  <u>See</u> (<u>Mixon v. Fair Employment & Housing Com.</u>, 192 Cal.App.3d 1306, 1316-1317 (6th Dist. 1987) (California courts have relied on federal law to interpret state anti-discrimination statutes where the objectives are identical).  Pursuant to 29 C.F.R. § 1630(m) a "qualified individual" is an individual with a disability who (1) "satisfies the requisite skill, experience, education and other job-related requirements of the employment position," and (2) "who, with or without reasonable accommodation , can perform the essential functions of such position."  <u>Id.</u>

There is no question that Plaintiff's complaint adequately alleges facts to satisfy the

first prong of the "qualified individual" analysis.  The problem is that Plaintiff has alleged no

discernable facts that bear upon the second prong.  Although the plaintiff's burden in a civil

rights case is minimal with regard to the facts that must be alleged to show a *prima facie*

case, Caldwell v. Paramount Unified School Dist., 41 Cal.App.4th 189, 197 (2nd Dist. 1995),

at least some minimal factual basis to support the conclusion can perform the essential

functions of the job with or without accommodation is necessary.  See Vermillion v.

Corrections Corp. of America, 2008 WL 4755329 (E.D. Cal. 2008) at *5 (amended complaint

alleging factual basis for possible accommodation is sufficient to escape resolution under

F.R.C.P. Rule 12(b)(6)).

Plaintiff's complaint details her disability in some detail but gives no information at

all as to what Plaintiff *can* do or what the essential elements of Plaintiff's job is or might be

with or without reasonable accommodations.  Plaintiff's first claim for relief alleges no facts

at all to indicate whether Plaintiff is a qualified individual or what the essential elements of

her job are or what the essential elements of an alternative job might be.  For that reason

Plaintiff's first claim for relief will be dismissed with leave to amend.  Because the court

cannot determine as a matter of law that amendment would not cure the deficiency in

Plaintiff's allegation of discrimination, leave to amend will be granted.

### B. Plaintiff's Second and Third Claim for Relief for Failure to Accommodate and Failure to Engage in the Interactive Process

The duties of employers under Cal. Gov't Code §§ 12940(m) and 12940(n) are

inextricably linked.  Gelfo v. Lockheed Martin Corp., 140 Cal.app.4th 34, 61 (2nd Dist.

2006).  "Subdivision (m) of section 12940 requires that the employer make reasonable

accommodations for the employee.  Subdivision (n) requires an employer to 'engage in a

timely, good faith, interactive process with the employee or applicant to determine effective

reasonable accommodations, if any,' upon request of an employee with a known physical

condition."  Jacques v. Allstate Ins. Co., 2007 WL 3046029 (E.D. Cal. 2007) at *2.

Subdivisions[2] (m) and (n) of FEHA each describe employer obligations that are separate and distinct from the prohibition against discriminatory treatment described in Subdivision (a). Id. at *2; Gelfo, 140 Cal.app.4th at 54. Under Subdivision (m) the "employer's failure to reasonably accommodate a disabled individual is a violation of [FEHA] in and of itself." Id. (citing Jensen v. Wells Fargo Bank, 85 Cal.App.4th 245, 257 (2000)). Similarly, an "employer's failure to engage in a good faith interactive process regarding the requested accommodation" is actionable under Subdivision (n). Id. "'The interactive process is at the heart of the [FEHA's] process and [is] essential to accomplishing its goals. It is the primary vehicle for identifying and achieving effective adjustments which allow disabled employees to continue working without placing an "undue burden" on employers.' [Citation.]" Gelfo, 140 Cal.App.4th at 61 (quoting Jensen, 85 Cal.App.4th at 261-262).

A number of factors that might apply otherwise to excuse employer failure to participate in other FEHA provisions do not apply with respect to the employer's obligation to participate in the interactive process. The plaintiff has no obligation to demonstrate that he or she is a "qualified individual" as is necessary under Subdivision (a). Jaquez, 2007 WL 3046029 at *3; see also Wysinger v. Automobile Club of Southern California, 157 Cal.App.4th 413, 425 (2008) (Subdivision (n) does not share the ADA's requirement that the plaintiff show that his/her disability could have been reasonably accommodated). An employer is also not excused from participation in the interactive process if it unilaterally concludes that no accommodation is reasonably available. Claudio v. Regents of the University of California, 134 Cal.app.4th 224, 245 (2005); Wysinger, 157 Cal.App.4th at 424-425.

Defendant contends that Plaintiff has not alleged facts sufficient to state a claim for

---

[2]   "Subdivision" or "Subdivisions" hereinafter refer to subdivisions of Cal. Gov't Code § 12940 unless otherwise specified.

failure to participate in the interactive process because Plaintiff has not alleged the fact "that she was able to perform the essential function of her position with or without accommodation." Doc. # 16-1 at 5:5-7. Defendant cites Swonke v. Sprint, Inc., 327 F.Supp.2d 1128 (N.D. Cal. 2004) and Claudio to support its argument. The court has reviewed both cases and finds that neither supports Defendant's implied proposition that *Plaintif*f bears the burden of showing that engaging in the interactive process *would not* be futile. The motion under review in Swonke was a motion for summary judgment. F.Supp.2d at 1131. Although the court's decision in Swonke is not entirely clear on the point, the court's discussion regarding the allegation of failure to engage in the interactive process is separated from, and not dependent on, the court's discussion of plaintiff' failure to show that he was a "qualified individual." There is nothing in Swonke that clearly allocates the burden to the plaintiff to allege in the complaint that engaging in the interactive process would not have been futile. The California appellate decision in Jensen provides the necessary insight to resolve the question for present purposes. In the context of a summary judgement motion on the issue of failure to accommodate, the Jensen court held:

> [T]he *employer* cannot prevail on summary judgement on a claim of failure to reasonably accommodate unless *it establishes* through undisputed facts that (1) reasonable accommodation was offered and refused; (2) there simply was no vacant position within the employer's organization for which the disabled employee was qualified and which the disabled employee was capable of performing with or without accommodation; or (3) the employer did everything in its power to find a reasonable accommodation, but the informal interactive process broke down because the employee failed to engage in discussions in good faith.

Jensen, 85 Cal.App.4th at 263. The proposition that a plaintiff does not have the burden to plead non-futility is further supported by the decision in Gelfo, where the court rejected the defendants contention that the employer owed "no duty to engage in "'futile' discussion with an applicant or employee who is merely 'regarded as' disabled and to whom no duty of reasonable accommodation is or will be owed." Gelfo, 140 Cal.App.4th at 61.

While the court in Swonke recognized the obligations imposed on employers to

10

accommodate and engage in the interactive process, the court expressly rested its decision on the specific facts of that case that were established by the parties in their summary judgment pleadings and that were admittedly unusual. Swonke, 327 F.Supp.2d at 1138.  In particular, the court in Swonk relied on Plaintiff's own representations throughout the period in question that he was totally disabled, that he consistently acted in accordance with the claim of total disability and that he provided no medical evidence to the contrary at any time. Id. at 1135. To the extent Swonk might possibly be read to support the proposition that a plaintiff alleging failure to engage in the interactive process has the duty to plead non-futility, this court, relying on discussions set forth in Jaquez, Wysinger, Gelfo and Claudio disagrees.

Subdivision (n) requires than an "employer engage in a timely, good faith, interactive process with the employee or applicant to determine effective reasonable accommodations, if any, *in response to a request for reasonable accommodation by an employee* or applicant with a known physical or mental disability or known medical condition."  Milan v. City of Holtville, 186 Cal.App.4th 1028, 1034-1035 (4th Dist. 2010) (quoting Subdivision (n) (italics in original)).  By the statute's terms Subdivision(n) "requires that the employee initiate the process."  Defendants do not challenge the adequacy of Plaintiff's pleadings with respect to Plaintiff's duty to request the interactive process.  The court therefore finds that Defendant has failed to show that Plaintiff's third claim for relief is deficient as a matter of law. Defendant's motion to dismiss Plaintiff's third claim for relief will therefore be denied.

Defendants motion to dismiss Plaintiff's claim for failure to accommodate fails for much the same reason as the motion to dismiss the claim for failure to engage in the interactive process – Defendant improperly attempts to allocate to Plaintiff the burden to show that Plaintiff was a qualified individual.  Defendant cites Jensen for the proposition that Plaintiff has the burden to plead and prove that she was a 'qualified individual,' but the court's decision in that case does not support the argument Defendant asserts.  In Jensen, the court noted that under Subdivision (a), the employee does have the burden to show that he or

she is a qualified individual.  85 Cal.app.4th at 255 - 256.  However, the court recognized that a claim for failure to accommodate pursuant to Subdivision (k)[3] is subject to a different standard.  Id. at 256.

As the Jensen court noted, pursuant to then Subdivision (k), reasonable accommodation includes the requirement that the employer make available to the disabled person any available position that the claimant is qualified to perform with or without accommodation.  See id. at 263 fn.6 (citing Cal. Code Reg. § 7293.9).   The *Jensen* court recognized that the employer is in a superior position to determine whether an alternative position exists for which the disabled would be qualified with or without reasonable accommodation.  Id. at 261 - 262.  The court therefore held that the identification of the possibility of reassignment to an alternative job for which the employee would be qualified with or without reasonable accommodation is a process that is suited to the interactive process.  Id. at 262.

The Jensen court held that, in the context of an employer's obligation to provide reasonable accommodation under Subdivision (k) (now (m)), a plaintiff bringing an action for failure to provide such accommodation has the ultimate burden to show that he or she is a qualified individual by showing that "she can perform the essential functions of the position to which reassignment is sought, rather than the essential functions of the existing position." Id. at 257.  The logical conclusion of the reasoning of the Jensen court is expressed in its holding that requires a *defendant* seeking summary judgment to establish facts to show that reasonable accommodation was offered and refused or there were no vacant positions or that the employee was responsible for the breakdown of the interactive process.  Id. at 263.  Given the centrality of the interactive process to the efforts of the plaintiff to seek, and the employer to provide, reasonable accommodation, and given the recognition in Jensen of the employer's

---

[3]       At the time of the decision in Jensen the requirement for reasonable accommodation was set forth at Subdivision (k).  The current Subdivision (m) is identical to Subdivision (k) as referenced in Jensen.

superior role in having access to the information necessary to determine whether reasonable accommodation is available, there can be no doubt that the Defendant's contention that it is incumbent on the Plaintiff to both plead and prove they are a qualified individual in order to state a claim for failure to accommodate under Subdivision (m) is incorrect.  See Scotch v. Art Institute of California, Inc., 173 Cal.App.4th 986, 994-995 (4th Dist. 2009) (holding that a plaintiff seeking to recover under Subdivision (n) "must identify a reasonable accommodation that was available at the time the interactive process should have occurred" but holding also that the plaintiff must have opportunity to identify such reasonable accommodation through the litigation and discovery process).

Pursuant to the above discussion, the court rejects Defendant's contention that Plaintiff has the burden at the pleading stage in an action pursuant to subdivisions (m) and (n) to allege facts to show that she was a "qualified individual" with respect to her existing job or to plead that there existed a specific alternative for which she was a "qualified individual." To the extent Defendant may seek to challenge the sufficiency of Plaintiff's claims under these Subdivisions, Defendant may make the challenge only after Plaintiff has had adequate opportunity through discovery to identify then-available alternative positions that would reasonably accommodate her needs.   Plaintiff's motion to dismiss Plaintiff's second and third claims for relief will be denied.

### C. Plaintiff's Fourth Claim for Relief for Retaliation

Plaintiff's fourth claim for relief alleges retaliation by Defendant against Plaintiff in violation of Subdivision (h).  To establish a claim for retaliation, the plaintiff has the initial burden to show that (1) that she engaged in a protected activity, (2) she was subjected to an adverse employment action, and (3) that there was a causal link between the protected activity and the adverse action.  Jadwin v. County of Kern, 610 F.Supp.2d 1129, 1185 (E.D. Cal. 2009).  Defendant moves to dismiss Plaintiff's retaliation claim on the ground Plaintiff has not alleged facts to show that she was engaged in a protected activity or that there was a

causal link between any activity, protected or otherwise, and her termination.  Plaintiff contends that her complaint is sufficient to allege that she requested accommodation, a protected activity, that she suffered the adverse employment action of termination and that the temporal relationship between the request for accommodation and the termination is sufficient to demonstrate causation at the pleading level.

Logic demands that any protected activity engaged in by a plaintiff that is the basis for a claim of retaliation must *precede* the defendant's retaliatory act.  Thus, because Plaintiff received the letter of termination on or about November 16, 2009, any protected activity that Plaintiff could have undertaken that could have cause the retaliation must have preceded that date.  In her opposition to Defendant's motion to dismiss the retaliation claim, Plaintiff contends that the protected activity she engaged in was requesting accommodation.  Assuming for purposes of this discussion that Plaintiff's allegation in the complaint is actually sufficient to show that she did request accommodation,[4] the question that Plaintiff's contention poses is whether the requesting of accommodation is a protected activity within the meaning of Subdivision (h).

"The statutory language of section 12940(h) indicates that protected conduct can take many forms. Specifically, section 12940(h) makes it an unlawful employment practice '[f]or any employer ... to discharge, expel, or otherwise discriminate against any person because the person has opposed *any practices forbidden under this part or because the person has filed a complaint, testified, or assisted in any proceeding under this part*.'"  Yanowitz v. L'Oreal USA, Inc., 36 Cal.4th 1028, 1042 (2005) (quoting Subdivision (h), italics in original).  While the range of protected activities is wide for purposes of Subdivision (h), there is no case the court can find to support the proposition that a mere request for accommodation is a

---

[4]     Plaintiff references her allegation at ¶ 13 of the complaint that she gave notice of her request for accommodation.  Plaintiff alleges in her complaint at ¶ 13 that she provided Defendant with a "worker's compensation notification regarding [Plaintiff's] medical status, including a copy of Dr. Gumbs' QME report" in November, 2009, and that she received her termination about two weeks thereafter.

14

protected activity.  In every case the court has reviewed, "protected activity" for purposes of Subdivision (h) involves some level of opposition to the employer's actions based on the employee's reasonable belief that some act or practice of the employer is unlawful.  Further, there must be some evidence that the employer knew that the employee was engaged in activities in opposition to the employer at the time of the claimed retaliatory action.  See id. at 1046 ("Standing alone, an employee's unarticulated belief that an employer is engaging in discrimination will not suffice to establish protected conduct for the purposes of establishing a prima facie case of retaliation, where there is no evidence the employer knew that the employee's opposition was based upon a reasonable belief that the employer was engaging in discrimination").

The case authority Plaintiff primarily relies upon for the proposition requesting accommodation is a protected activity, Nadaf-Rahrov v. Neiman Marcus Group, Inc., 166 Cal.App.4th 952 (1 Dist. 2008), does not support Plaintiff's contention.  In Nadaf-Rahrov, the appellate court did not examine the issue of whether the plaintiff's request for accommodation was a protected activity.  Instead, the court simply assumed that the plaintiff had set forth a prima facie case for retaliation and then proceeded to the determination that the trial court had not erred in granting summary judgment in that case based on the plaintiff's failure to meet her burden of proof.  Id. at 990.  As noted above, every authority this court has reviewed that actually addresses the nature of the activities protected under Subdivision (h) indicates that the protected activity must have some element of express opposition to an action or policy or practice of the employer.

The interpretation of "protected activity" that Plaintiff urges would significantly blur and perhaps obliterate the distinction between an action for failure to accommodate or engage in the interactive process and retaliation.  Essentially, Plaintiff's claim for retaliation is nothing more than a claim of failure to engage in the interactive process coupled with a short time period between the request for accommodation and the evidence of the employer's non-

15

accommodation or non-participation in the interactive process.  While the temporal relationship between the protected activity and the adverse employment action by the employer may serve to establish a *prima facie* claim for retaliation, see Loggins v. Kaiser Permanente Int'l, 151 Cal.App.4th 1102, 1110 n.6 (4th Dist. 2007) (discussing need for temporal relationship between protected activity and adverse action), a close temporal relationship does not change the nature of the employee's activity in the first instance.  The text of Subdivision (h) restricts its application to adverse employment actions taken in response to employee *opposition* to employer actions or policies or to employee participation in *proceedings* directed against the employer that are in opposition to rights guaranteed by FEHA.  Neither of these categories describe Plaintiff's alleged notice of request for accommodation to Defendant.

The court finds Plaintiff has failed to allege she was engaged in a protected activity prior to suffering termination.  Plaintiff's claim for retaliation will therefore be dismissed with leave to amend.

### D.  Plaintiff's Fifth Claim for Relief for Wrongful Termination

Plaintiff's fifth claim for relief alleges wrongful termination in violation of public policy.  "To state a cause of action for wrongful discharge in violation of fundamental public policy, an employee must prove that his dismissal violated a policy that is fundamental, beneficial for the public, and embodied in statute or constitutional provision. 'Tort claims for wrongful discharge typically arise when an employer retaliates against an employee for '(1) refusing to violate a statute ... [,] (2) performing a statutory obligation ... [,] (3) exercising a statutory right or privilege ... [, or] (4) reporting an alleged violation of a statute of public importance.' [Citation.]" Cramer v. Consolidated Freightways, Inc., 209 F.3d 1122, 1135 (9 Cir. 2000) (quoting Turner v. Anheuser-Busch, Inc., 7 Cal.4th 1238, 1256 (1994)).  Disability discrimination in violation of FEHA "can form the basis of a common law wrongful discharge claim." City of Moorpark v. Superior Court, 18 Cal.4th 1143, 1161 (1998).

16

Defendant bases its motion to dismiss Plaintiff's wrongful termination claim on its contention that Plaintiff has not successfully pled any claims under FEHA because Plaintiff has failed to allege facts to show she is a "qualified individual."  Since Plaintiff's claims for failure to accommodate and failure to engage in the interactive process have survived Defendant's motion to dismiss, the court finds that dismissal of Plaintiff's wrongful termination claim is not warranted at this stage.  If Plaintiff's termination was the consequence of Defendant's failure to engage in the interactive process and to provide reasonable accommodation as required by FEHA, then Plaintiff's termination would have been in violation of public policy.  The court cannot conclude at this point in the proceedings that Plaintiff has not adequately alleged a claim for wrongful termination as a matter of law. Defendant's motion to dismiss Plaintiff's fifth claim for relief will be denied.

## II.  Defendant's Motion to Strike Pursuant to F.R.C.P. 12(f)

Defendant moves to strike Plaintiff's claims for exemplary or punitive damages on the grounds that Plaintiff's claims fail to adequately allege that Defendant's officers, directors or managing agent(s) had any prior knowledge of the alleged unlawful conduct and that the claims fail to allege any factual basis to support the allegation of malice, oppression or fraud.

Plaintiff's complaint exactly reproduces the following paragraph in each of Plaintiff's five claims for relief:

> [Plaintiff] is informed and believes that [Defendant's] acts were carried out by its managerial employees, officers and directors, and were directed or ratified by [Defendant] with a conscious disregard of [Plaintiff's] rights and with the intent to vex, injure and annoy [Plaintiff] such as to constitute oppression, fraud or malice under California Civil Code Section 3294, entitling [Plaintiff] to punitive damages in a sum appropriate to punish and set an example of [Defendant.]

Doc. # 2 at ¶¶ 27, 39, 51, 59 and 66.

Civil Code section 3294 provides, in pertinent part:

> '(a) In an action for the breach of an obligation not arising from contract, where the defendant has been guilty of oppression, fraud, or malice, the plaintiff, in addition to the actual damages, may recover damages for the sake of example and by way of punishing the defendant.' . . . . .'(c) As used in this

17

section, the following definitions shall apply:'(1) 'Malice' means conduct which is intended by the defendant to cause injury to the plaintiff or conduct which is carried on by the defendant with a conscious disregard of the rights or safety of others.'(2) 'Oppression' means subjecting a person to cruel and unjust hardship in conscious disregard of that person's rights.'(3) 'Fraud' means an intentional misrepresentation, deceit, or concealment of a material fact known to the defendant with the intention on the part of the defendant of thereby depriving a person of property or legal rights or otherwise causing injury.

Plaintiff argues three grounds for denial of Defendant's motion to strike. First, Plaintiff argues that the state law cases that are cited by Defendant for the proposition that pleading of specific facts to show fraud oppression or malice do not control in federal court and that a more liberal federal pleading standard controls. Second, Plaintiff contends that a motion to strike pursuant to Rule 12(f) is an improper vehicle to challenge a claim for punitive damages. Third, Plaintiff argues that the complaint adequately alleges claims for punitive damages under the appropriate pleading standard even if that standard is equivalent to the standard Defendant urges. The court will consider Plaintiff's argument regarding the suitability of a motion pursuant to Rule 12(f) to challenge pleadings for punitive damages. The court will then proceed to the other of Plaintiff's arguments.

### A. Rule 12(f) is an Inappropriate Basis for Defendant's Motion

Plaintiff cites Whittlestone, Inc. v. Handi-Craft Co., 2010 WL 3222417 (9th Cir. 2010) to support her argument that the application of Rule 12(f) is confined by its own terms to the removal from a complaint of claims that are "(1) an insufficient defense; (2) redundant; (3) immaterial; (4) impertinent; or (5) scandalous." Id. at *3. While Whittlestone was concerned with claims of lost profits in a contract damages case, the court finds that the Ninth Circuit's holding in that case supports the more generalized proposition that a motion under Rule 12(f) is limited in both contract and non-contract contexts to the removal of claims that fall into one of the five categories listed above.

The court finds that Defendant's motion to strike Plaintiff's claims for punitive damages is based entirely on issue of whether Plaintiff sufficiently pled facts to show that

18

there was fraud, oppression or malice and whether Plaintiff sufficiently pled facts to show

that Defendant's controlling officer(s) had prior knowledge of Defendant's unlawful conduct.

In short, Defendant is challenging the sufficiency of claims for punitive damages without any

argument that the claims are redundant, immaterial, impertinent or scandalous.  The court

finds that Defendant's resort to Rule 12(f) is misplaced.  "The proper medium for challenging

the sufficiency of factual allegations in a complaint is through Rule 12(b)(6) not Rule 12(f)."

Consumer Solutions Reo, LLC v. Hillery, 658 F.Sup[p.2d 1002, 1020 (N.D. Cal. 2009).

      "[W]here a motion is in substance a Rule 12(b)(6) motion, but is incorrectly

denominated as a Rule 12(f) motion, a court may convert the improperly designated Rule

12(f) motion into a Rule 12(b)(6) motion."  Id. at 1021; Parker v. Fidelity Security Life Ins.

Co., 2006 WL 2190956 (E.D. Cal. 2006).  The court will proceed to address the substance of

Defendant's motion as if it were pled pursuant to Rule 12(b)(6).

      **B.  *Applicable Pleading Standard***

      Plaintiff correctly contends that federal standards govern the pleading requirements

applicable to Plaintiff's claims for punitive damages.  See Neveu v. Fresno, 392 F.Supp.2d

1159, 1183 - 1184 (E.D. Cal. 2005).  However, the cases Plaintiff cites[5] for the proposition

that conclusory assertions of malice, fraud or oppression are sufficient for pleading purposes

to state a claim for punitive damages were all decided prior to the Supreme Court's decision

in Twombly in 2007 and in Iqbal in 2009.  Although some courts in this circuit have

expressed some reservation in applying the pleading standards set forth in Twombly and

Iqbal to claims for punitive damages, see, e.g., Putini v. Blair Corp., 2010 WL 1797019 (S.D.

Cal. 2010) at *2, this court can see no basis for such reservation.  First, the pleading

standards set forth in Twombly and Iqbal more closely approximate standards that are well

established in California law.  As this court has observed concerning standards for award of

---

     [5]    Other than Neveu, Plaintiff relies on Clark v. Allstate Ins. Co., 106 F.Supp.2d 1016, 1019 - 1020 (S.D. Cal. 2000) for the proposition that conclusory allegations are sufficient.

punitive damages under California law:

> "Allegations that the acts ... were 'arbitrary, capricious, fraudulent, wrongful and unlawful,' like other adjectival descriptions of such proceedings, constitute mere conclusions of law ..." Faulkner v. California Toll Bridge Authority, 40 Cal.2d 317, 329, 253 P.2d 659 (1953); see Letho v. Underground Construction Co., 69 Cal.App.3d 933, 944, 138 Cal.Rptr. 419 (1997) (facts and circumstances of fraud should be set out clearly, concisely, and with sufficient particularity to support punitive damages); Smith v. Superior Court, 10 Cal.App.4th 1033, 1042, 13 Cal.Rptr.2d 133 (1992) (punitive damages claim is insufficient in that it is "devoid of any factual assertions supporting a conclusion petitioners acted with oppression, fraud or malice."); Brousseau v. Jarrett, 73 Cal.App.3d 864, 872, 141 Cal.Rptr. 200 (1977) ( "conclusory characterization of defendant's conduct as intentional, willful and fraudulent is a patently insufficient statement of 'oppression, fraud, or malice, express or implied,' within the meaning of section 3294").

Endurance American Specialty Ins. Co. v. Lance, 2010 WL 3619476 (E.D. Cal. 2010) at *17. Second, and equally supportive of the applicability of the higher pleading standards, is the express policy that "[p]unitive damages are never awarded as a matter of right, are disfavored by the law, and should be granted with the greatest of caution and only in the clearest of cases." Id. at * 18 (quoting Henderson v. Security Pacific Nat'l Bank, 72 Cal.App.3d 764, 771 (1977).

The court concludes that the application of the pleading standards set forth in Twombly and Iqbal to claims for punitive damages under California law serves the salutary purpose of harmonizing standards applicable to state and federal proceedings while avoiding unnecessary pleading distinctions between consequential and punitive damages claims in diversity proceedings in federal court.  The court will apply the standards set forth in Twombly and Iqbal to Plaintiff's claims for punitive damages.

### C. Plaintiff's Claims for Punitive Damages are not Sufficiently Pled

There is no question that Plaintiff's claims for punitive damages are nothing more than conclusory allegations of "conscious disregard of [Plaintiff's] rights and with the intent to vex, injure and annoy [Plaintiff] such as to constitute oppression, fraud or malice."  When the court searches the complaint for any alleged facts from which fraudulent, malicious or oppressive conduct could possibly be inferred, the court finds only that Plaintiff alleges that

Plaintiff requested accommodation after a term of time off under worker's compensation and was promptly terminated by Defendant without any interactive process.  There is no allegation, for example, of procedural gamesmanship, of any misrepresentation by Defendant or of any expression of animus by Defendant during Plaintiff's period of worker's compensated time off.  Essentially, Plaintiff invites the court to read into facts that describe nothing more than the basic elements of failure to accommodate and failure to engage in the interactive process an evil motive based on nothing more than Plaintiff's bare characterization of Defendant's motives as evil.  The court must decline the invitation.  The court finds that Plaintiff's claims for punitive damages are unsupported by allegation of any facts.  The claims for punitive damages will therefore be dismissed.  Again, because the court cannot determine that the deficiencies in Plaintiff's claims for punitive damages cannot be cured by amendment.  Leave to amend will therefore be granted.

THEREFORE, pursuant to the foregoing discussion, it is hereby ORDERED that:

1.      Defendant's motion to dismiss Plaintiff's first claim for relief for violation of California  Gov't Code § 12940, subdivision (a) is hereby GRANTED.  Plaintiff's first claim for relief is hereby DISMISSED.  Leave to amend is GRANTED with leave to amend.

2.      Defendant's motions to dismiss Plaintiff's second and third claims for relief for violation of California  Gov't Code § 12940, subdivisions (m) and (n) are hereby DENIED.

3.      Defendant's motion to dismiss Plaintiff's fourth claim for relief for retaliation in violation of California  Gov't Code § 12940, subdivisions (h) is hereby GRANTED.  Plaintiff's fourth claim for relief is hereby DISMISSED with leave to amend.

4.      Defendants motion to dismiss Plaintiff's fifth claim for relief for wrongful termination in violation of public policy is hereby DENIED.

5.      Defendant's motion to strike Plaintiff's claims for punitive damages pursuant to Rule

        12(f) is construed by the court to be a motion to dismiss pursuant to Rule 12(b)(6).

        Defendant's motion to dismiss Plaintiff's claims for punitive damages as set forth at

        paragraphs 27, 39, 51, 59 and 66 of Plaintiff's complaint is hereby GRANTED.

        Plaintiff's claims for punitive damages are each hereby DISMISSED with leave to

        amend.

7.      Any amended complaint shall be filed and served not later than twenty-one (21) days

        from the date of service of this order.


IT IS SO ORDERED.


Dated:   ___September 29, 2010___          _____

                                           CHIEF UNITED STATES DISTRICT JUDGE